**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

PAUL ANTHONY MOORE
ADC #97879 PETITIONER

VS. 5:07CV00064 JLH/JTR

LARRY NORRIS, Director
Arkansas Department of Correction RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket entry #2.) Respondent has filed a Response (docket entry #6), to which Petitioner has filed a Reply. (Docket entry #13.) Thus, the issues are joined and ready for disposition.

Before addressing the merits of Petitioner's habeas claim, the Court will review the procedural history and facts giving rise to his claim.

On June 17, 1999, an arrest warrant was issued based on supporting affidavits which established probable cause to believe Petitioner had committed the crime of rape. (Docket entry #9, Ex. A, Trial Tr. 36.) Specifically, Petitioner allegedly committed two rapes on December 5, 1998:

> In June 1999, an arrest warrant was issued for [Petitioner]. The issuance of the warrant stemmed from the Little Rock Police Department's investigation of allegations that in November 1998, a man driving a red-orange Chevrolet pickup

> truck had followed Megan Welsh and her siblings home and attempted to enter her bedroom window; that in December 1998, two victims, J.S. and K.H., had reported that a man forcibly entered J.S.'s home, placed duct tape on the girls, undressed them, and forced them at gunpoint to perform sexual acts on each other and then on him; that in December 1998, the Welshes saw the same pickup truck that had followed Megan, and wrote down its license-plate number and reported the information to the police; and that when presented with a photo spread the victims and witnesses all identified [Petitioner] as the perpetrator.

*Moore*, 87 Ark. App. at 389-90, 192 S.W.3d at 273.

Petitioner was not arrested until November 29, 2001. (Docket entry #9, Ex. A, Trial Tr. 36.) On January 8, 2002, a criminal information was filed against Petitioner, charging him with four counts of rape.[1] (Docket entry #9, Ex. A, Trial Tr. at 1-2.) On June 10, 2002, Petitioner moved to dismiss the charges, arguing that the 29-month delay between the issuance of the arrest warrant and his arrest violated his speedy-trial rights under state law and the Sixth Amendment of the United States Constitution. (Docket entry #9, Ex. A., Trial Tr. at 18-19.) The State admitted that the delay in Petitioner's arrest was due to the Little Rock Police Department's failure to enter the warrant into the National Crime Information Center/Arkansas Crime Information Center ("NCIC/ACIC") system. *Id.* The State further admitted that, between the time that the warrant was issued and Petitioner's arrest, he had been in contact with the state criminal justice system because he was on probation for a conviction in another case in Pulaski County Circuit Court. *Id.*

On January 27, 2003, the trial court held an evidentiary hearing on Petitioner's Motion. On January 30, 2003, it entered an Order denying the Motion on the grounds that the pre-arrest delay did not implicate a speedy-trial issue, and that the case was otherwise timely under the applicable

---

[1]Under Arkansas law, crimes that must otherwise be prosecuted by grand jury indictment may be prosecuted by a criminal information filed by the prosecuting attorney. *See* ARK. CONST. AMEND. 21; Ark. Code Ann. § 16-85-302.

statute of limitations.[2] (Docket entry #9, Ex. A, Trial Tr. 36-37.) The case then proceeded to trial where a jury convicted Petitioner on all four counts of rape and sentenced him to thirty years of imprisonment in the Arkansas Department of Correction.

On direct appeal to the Arkansas Court of Appeals, Petitioner argued that the trial court erred in denying his motion to dismiss based on his Sixth Amendment right to a speedy trial. Petitioner specifically argued that his Sixth Amendment right to a speedy trial accrued when the arrest warrant was issued, and that the 29-month delay before his actual arrest violated his Sixth Amendment rights.

The Arkansas Court of Appeals rejected this argument and held that, for purposes of federal constitutional analysis under the Sixth Amendment, the speedy-trial right did not accrue until an arrest or a formal information was filed. *Moore*, 87 Ark. App. at 393-94, 192 S.W.3d at 275-76. The Court also rejected the notion that the issuance of the arrest warrant constituted an "arrest" or "indictment" for purposes of Sixth Amendment analysis. *Id.* While the Court acknowledged United States Supreme Court case law establishing that pre-arrest delay might implicate the Due Process Clause under the Fifth Amendment, it also noted that Petitioner had made no such argument. *Id.* at 394, 276.

Petitioner later filed a Rule 37 Petition arguing that his trial counsel was ineffective for failing to argue that the pre-arrest delay violated the due process clause of the Fifth Amendment. The Petition was denied, and later affirmed by the Arkansas Supreme Court. *Moore v. State*, 2006 WL 880173 (Ark. April 6, 2006) (unpublished *per curiam*).

In this federal habeas action, which Petitioner filed on March 23, 2007, he argues that the

---

[2]Under Arkansas law, a prosecution for rape, a class Y felony, must be commenced within 6 years of the commission date. *See* Ark. Code Ann. § 5-14-103 (defining rape as a Class Y felony); Ark. Code Ann. § 5-1-109(b)(1)(A) (6-year limitations period for Class Y felonies).

19-month pre-arrest delay violated his Sixth Amendment right to a speedy trial, as applied to the states via the Fourteenth Amendment. According to Respondent, this claim fails on the merits.

For the reasons discussed below, the Court agrees that Petitioner's claim has no merit and recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

### A. Legal Standard For Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner may not obtain relief with respect to any claim adjudicated on the merits in a state court proceeding unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. See 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A presumption of correctness attaches to factual determinations made by a state court, and a habeas petitioner must rebut this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**B. Analysis of Petitioner's Habeas Claim**

Petitioner argues that the Arkansas Court of Appeals unreasonably applied federal law in disposing of his Sixth Amendment claim. The Sixth Amendment's right to a speedy trial in a criminal prosecution "attaches to the earlier of arrest or indictment." *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006). Once the Sixth Amendment speedy-trial right has attached, a four-factored balancing test is applied in determining whether there has been a constitutional violation: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.[3] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Petitioner contends that, under the *Barker* factors, the 29-month delay between the issuance of the arrest warrant and his arrest violated his Sixth Amendment speedy-trial right. However, in doing so, Petitioner overlooks the fact that the Arkansas Court of Appeals did *not* reach the *Barker* factors because it determined that the Sixth Amendment was *not* applicable to the pre-arrest delay. In its decision, the Arkansas Court of Appeals traced the pertinent United States Supreme Court decisions discussing whether pre-arrest or pre-indictment delay implicates the Sixth Amendment.

In *United States v. Marion*, 404 U.S. 307 (1971), three years had passed between the alleged criminal acts and a federal criminal indictment charging the defendant with various crimes

---

[3]As indicated earlier, the Sixth Amendment speedy-trial guarantee attaches to the earlier of arrest or indictment. In contrast, pre-arrest or pre-indictment delay is "primarily protected" by statutes of limitation, with the Fifth Amendment Due Process Clause also having a "limited role to play in protecting against oppressive delay." *See United States v. Lovasco*, 431 U.S. 783, 789 (1977). A Fifth Amendment claim requires a showing of bad faith or extreme prejudice. *See United States v. Eight Thousand Eight Hundred and Fifty Dollars*, 461 U.S. 555, 563 (1983). "[A] defendant must overcome a high hurdle when contending that a pre-indictment delay that does not violate the statute of limitations is violative of the due process clause." *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006). Petitioner does *not* raise a Fifth Amendment Due Process or statute of limitations claim in this habeas action. *See* docket entry #2 at 25, docket entry #13 at 22.

concerning the fraudulent operation of a business. The Court held that the speedy-trial provision of the Sixth Amendment did not apply to the time period before a defendant is indicted or arrested, or otherwise officially accused: "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *Marion*, 404 U.S. at 320.

In *United States v. MacDonald*, 456 U.S. 1 (1982), the Court held that the Sixth Amendment speedy-trial right did not apply to the time period between the dismissal of charges and the institution of new charges. In doing so, the Court emphasized that the Sixth Amendment speedy-trial right was *not* intended to prevent prejudice to a defendant caused by the passage of time. Rather, such delay and any resulting prejudice was primarily protected by the Fifth Amendment Due Process Clause and statutes of limitations. The Sixth Amendment protection, in contrast, was "designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *MacDonald*, 456 U.S. at 8.

Finally, in *Doggett v. United States*, 505 U.S. 647 (1992), the Court held that an 8-year delay between a defendant's indictment on federal criminal charges and his subsequent arrest, which was due to the government's negligence, was presumptively prejudicial under the *Barker* test. In reaching this conclusion, the Court observed "that the Sixth Amendment right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution. Once triggered by arrest, indictment, or other official accusation, however, the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that

*Barker* recognized." *Doggett*, 505 U.S. at 655.

In disposing of Petitioner's Sixth Amendment claim, the Arkansas Court of Appeals discussed *Marion* and *MacDonald* and concluded that, because Petitioner's arrest warrant was issued, without the filing of a formal criminal information, the 29-months before his arrest was "preindictment delay" that did not implicate the Sixth Amendment. *See Moore*, 87 Ark. App. at 392,192 S.W.3d at 275 ("Thus, it is either a formal indictment or information or an actual restraint that triggers the protections of the Sixth Amendment."). The Court also distinguished *Doggett,* a case in which there had been a formal indictment issued *prior to* the defendant's arrest.

The Arkansas Court of Appeals's decision in *Moore* is consistent with decisions by courts in other jurisdictions which have held that the mere issuance of an arrest warrant, *prior to* the filing of a formal charging document, does *not* implicate the Sixth Amendment speedy-trial protection. *See United States v. Pierce*, 6 Fed. Appx. 157 (4th Cir. 2001) (unpublished decision) (citing *Doggett* and *Marion* to hold that Sixth Amendment did not apply to 17-month delay between issuance of a federal arrest warrant based on a federal complaint and subsequent arrest); *State v. Utley*, 956 S.W.2d 489 (Tenn. 1997) (citing *Marion* to hold that, under federal Sixth Amendment analysis, speedy-trial right did not attach upon the issuance of a state arrest warrant); *State v. Miller*, 851 A.2d 367 (Conn. Ct. App. 2004) (citing *Marion* and *Doggett* to hold that Sixth Amendment speedy-trial right did not apply to 2 ½ year delay between issuance of state arrest warrant and arrest because there had been no formal charging document prior to the arrest).

Under controlling case law and 28 U.S.C. § 2254(d), Petitioner has not shown that the Arkansas Court of Appeals's decision in *Moore*, 87 Ark. App. at 393-94, 192 S.W. 3d at 275-76, was contrary to, or an unreasonable application of, clearly established federal law, or that it was based

on an unreasonable determination of the facts.[4] Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 20th day of March, 2009.

J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE

---

[4]In portions of his habeas papers, Petitioner refers not only to the pre-arrest delay, but also to the delay between his arrest in November of 2001, and his trial in May of 2003. To the extent these references might be construed to assert a Sixth Amendment speedy-trial claim arising from post-arrest delay, Respondent does not directly address the argument.

Petitioner's Sixth Amendment speedy-trial right would have been triggered by Petitioner's November 2001 arrest. However, Petitioner never made any argument in the trial court, or on appeal, that any *post-arrest delay* between his *arrest and trial* violated his Sixth Amendment rights. This is not surprising because the record establishes that it was *Petitioner's counsel* who requested and received continuances of Petitioner's first trial date (set for May 21, 2002) and second trial date (set for February 5, 2003). *See* Court's Exhibit A attached hereto. The docket sheet reflects entries tolling the speedy trial period for the continuances occasioned by these motions. (Docket entry #9, Ex. H, Trial Tr. at 4-6.) Thus, to the extent that Petitioner's habeas papers might be read to assert a Sixth Amendment claim, based on post-arrest delay until trial, it is without merit.